Matter of Miller v New York City Off. of AdministrativeTrials & Hearings (2020 NY Slip Op 02250)





Matter of Miller v New York City Off. of AdministrativeTrials & Hearings


2020 NY Slip Op 02250


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


101352/17 11369A 11369

[*1] In re Wayne Miller, Petitioner-Appellant,
v
The New York City Office of Administrative Trials and Hearings, et al., Respondents-Respondents.


Olenko Law PLLC, New York (Mariana Olenko of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Carmen Victoria St. George, J.), entered May 21, 2018, which denied the petition to annul the determination of respondents, dated January 11, 2017, after a hearing, imposing a $1,600 civil penalty for operating a tower crane without proper certification, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered October 19, 2018, which, insofar as appealable, denied petitioner's motion for leave to renew, unanimously affirmed, without costs.
Petitioner was found to have operated a tower crane without proper certification, and fined $1,600. At the time of his violation in 2016, as a Class A hoisting machine operator (HMO) licensee, petitioner was required, when asked, to submit proof of "one or more valid certification(s) issued by an organization accredited to offer crane operator certification," showing the type of crane or cranes which he was authorized to operate (1 RCNY 104-09[b][2]). As a Class A HMO licensee, he was permitted to operate only the types of cranes that the Department of Buildings' records indicates he was qualified or certified to operate (see 1 RCNY 104-09[d]).
Contrary to petitioner's argument, this statutory language required him to hold a certification which specifically authorized him to operate a tower crane (see Matter of Fields v New York City Campaign Fin. Bd., 81 AD3d 441, 446 [1st Dept 2011], lv denied 17 NY3d 709 [2011]). Even if, as petitioner claims, the language is not entirely clear, respondents' interpretation and implementation of the Rule was reasonable and had a rational basis (see Matter of Hughes v Doherty, 5 NY3d 100, 105 [2005]). To the extent petitioner claims that the language of 1 RCNY 104-09 is inconsistent with the provisions of Administrative Code of City of NY § 28-405.1, the Rule's provisions are intended to be in addition to the Administrative Code (1 RCNY 104-09[e]).
Leave to renew was properly denied, as petitioner failed to show that a 2018 amendment to the Rule effected "a change in the law that would change the prior determination" (CPLR 2221[e][2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK